OPINION
{¶ 1} Defendant-appellant Aarone Ramsey appeals the February 2, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Motion to Vacate Illegal Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 3, 2005, the Stark County Grand Jury indicted Appellant on one count of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(e), a felony of the first degree. Appellant appeared before the trial court for arraignment and entered a plea of not guilty to the charge. Appellant filed a motion to suppress, which the trial court denied after conducting a hearing. Thereafter, Appellant withdrew his former plea of not guilty and entered a plea of guilty to the charge. The trial court sentenced Appellant to a period of incarceration of four years. Appellant did not take a direct appeal from his conviction and/or sentence.
 {¶ 3} Subsequently, on January 29, 2007, Appellant filed a Motion to Vacate Illegal Sentence, seeking to have his prison term vacated onBlakely/Foster grounds. The trial court overruled the motion via Judgment Entry filed February 2, 2007. The trial court found because Appellant's case was not on direct review, the decisions inBlakely and Foster were inapplicable.
 {¶ 4} It is from this judgment entry Appellant appeals, raising the following assignments of error: *Page 3 
 {¶ 5} "I. THE TRIAL COURT ERRORED [SIC] BY VIOLATING CRIM. R. 2921.45 AND 2921.54 AT THE APPELLANT [SIC] SENTENCING HEARING.
 {¶ 6} "II. THE TRIAL COURT VIOLATED THE APPELLANT [SIC] 6TH AND 14TH AMENDMENT RIGHTS TO THE UNITED STATED CONSTITUTION BY SENTENCING THE APPELLANT TO A [SIC] ILLEGAL AND UNCONSTITUTIONAL SENTENCE FROM A STATUTE THAT HAS BEEN DECLARED UNCONSTITUTIONAL."
 I, II {¶ 7} Both of Appellant's assignments of error challenge the trial court's decision overruling his motion to vacate his sentence; therefore, we shall address said assignments of error together. Specifically, Appellant asserts his sentence is unconstitutional in light of Blakely and Foster. We disagree.
 {¶ 8} In State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held certain Ohio felony sentencing statutes violate the 6th Amendment to the United States Constitution, however, the decision only applies to those cases pending on direct review or not yet final as of the date Foster was decided.
 {¶ 9} Because the instant action does not present itself on direct review of Appellant's conviction and sentence, which occurred in 2005,Blakely and Foster are inapplicable. Accordingly, we find no reversible error in the trial court's denial of Appellant's Motion to Vacate Illegal Sentence.
 {¶ 10} Appellant's first and second assignments of error are overruled. *Page 4 
 {¶ 11} The judgment of the Stark County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Edwards, J. concur *Page 5 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
HON. WILLIAM B. HOFFMAN, HON. W. SCOTT GWIN, HON. JULIE A. EDWARDS
[1] A Statement of the Facts underlying this case is not necessary for our disposition of appellant's appeal; therefore, such shall not be included herein. *Page 1